1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BYRON BOUDREAUX., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security <br><br> Defendant. | Case No.: 20cv274 BGS <br><br> **ORDER DENYING MOTION TO PROCEED IFP** <br><br> [ECF 2] |

Plaintiff John B. filed a Complaint seeking judicial review of the Social Security Administration's denial of Plaintiff's disability claim and a Motion for Leave to Proceed in forma pauperis ("IFP"). (ECF 1, 2.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Proceed IFP with leave to pay the filing fee within 30 days.

Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege

poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 f.3D 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessitates of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I.)

Here, the IFP application indicates Plaintiff's average income over the past twelve months is $5,002.70 per month and that is expected to continue. (ECF 2 at 1-2.) His monthly debts and obligations are listed as $5,406, including $339 per month for recreation, entertainment, newspapers, magazines, etc.

Based on this information, the Court cannot find Plaintiff has shown he cannot pay the court costs and still afford the necessities of life. Although the application reflects Plaintiff is spending more that he is receiving in income monthly, the Court would be hard pressed to find someone receiving more than $5,000 a month in income should be allowed to proceed at public expense. Additionally, Plaintiff's debts and obligations include at least one item that is not a necessity of life and could be foregone or reduced to pay the filing fee.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's Motion to Proceed IFP is **DENIED**.
2. Plaintiff is granted 45 days from the date this Order is docketed to pay the filing fee.

Dated: April 10, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge